## UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

ROSE EVANS,

        Appellant,

        v.

UNITED STATES POSTAL SERVICE,

        Agency.

DOCKET NUMBER
SF-0752-22-0202-I-1

DATE: July 19, 2024

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Morgan J. Velasquez</u>, Esquire, Dallas, Texas, for the appellant.

<u>Michael R. Tita</u>, Esquire, St. Louis, Missouri, for the agency.

### BEFORE

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman
Henry J. Kerner, Member*

*Member Kerner did not participate in the adjudication of this appeal.

### FINAL ORDER

¶1      The appellant has filed a petition for review of the initial decision, which sustained her removal. On petition for review, she argues that the agency did not prove all of the specifications supporting its unacceptable conduct charge, the nexus between the charge and the efficiency of the service, or the reasonableness

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. See 5 C.F.R. § 1201.117(c).

of the removal penalty. She also argues that she proved her affirmative defenses of race and sex discrimination. On review, she submits what she argues are new documents. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review. Except as expressly MODIFIED to find that the appellant's April 23, 2020 absence was not protected under the Family and Medical Leave Act of 1993 (FMLA), we AFFIRM the initial decision.

¶2  The appellant argues on review that the administrative judge failed to adjudicate the issues of lack of candor and absence without leave (AWOL) as to three specifications. Petition for Review (PFR) File, Tab 4 at 14-16, 19-20. We have considered the appellant's argument, but we disagree. The administrative judge considered two of these specifications together, characterized them as concerning lack of candor, and found that the appellant lacked candor as to the statements at issue. Initial Appeal File (IAF), Tab 60, Initial Decision (ID) at 9-11. Even if the administrative judge had not done so, we would find that the agency met its burden to prove the appellant knowingly gave incorrect or incomplete information as required to prove lack of candor. *See Fargnoli v. Department of Commerce,* 123 M.S.P.R. 330, ¶ 17 (2016) (holding that lack of candor requires proof that the employee knowingly gave incorrect or incomplete

information); *Panter v. Department of the Air Force*, 22 M.S.P.R. 281, 282 (1984) (explaining that an adjudicatory error that is not prejudicial to a party's substantive rights provides no basis to reverse an initial decision).

¶3        As to a third specification at issue, the administrative judge stated that the agency "charged the appellant with being [AWOL]" on April 23, 2020, and that it proved the allegation. ID at 11. Therefore, to the extent the appellant argues that the administrative judge failed to properly characterize this specification as a charge of AWOL, we are not persuaded. PFR File, Tab 4 at 19-20. In any event, we agree with the administrative judge that the appellant did not report to work as instructed on April 23, 2020, or request sick leave for her absence for that day until April 24, 2020. ID at 11. Therefore, even assuming the administrative judge should have, but failed to, interpret this specification as an AWOL charge, any error would not warrant granting review. *See Wilson v. Small Business Administration*, 2024 MSPB 3, ¶ 7 (setting forth the elements of an AWOL charge).

¶4        The appellant also argues that her April 23, 2020 absence was protected under the Family and Medical Leave Act of 1993 (FMLA). When the FMLA is implicated relative to a leave-related charge, in order to prove the charge, the agency must prove that it complied with the FMLA. *Ellshoff v. Department of the Interior*, 76 M.S.P.R. 54, 73 (1997). Because the administrative judge did not address this issue, which the appellant raised below, we do so here. IAF, Tab 32 at 15.

¶5        We find that the appellant did not make a request for FMLA-protected leave in connection with her April 23, 2020 absence. She generally asserted below, without supporting documentation, that she sought and was granted FMLA-protected leave on unspecified dates. *Id.* She does not point to any evidence on review that supports her claim that she sought FMLA-protected leave specifically for April 23, 2020. PFR File, Tab 4 at 19-20. Instead, she reasons that because

she called in on April 24, 2020, to request sick leave for that day and the previous day, her absence on April 23, 2020 should have been excused. *Id.* at 19-21.

¶6    Pursuant to the agency's Employee and Labor Relations Manual, § 665.42, employees who fail to report for duty as scheduled are considered AWOL except in cases where actual emergencies prevent them from obtaining permission in advance.[2]   IAF, Tab 22 at 50.  The appellant does not claim that she requested leave in advance of her April 23, 2020 absence or that she was unable to do so. PFR File, Tab 4 at 20.  We find nothing in the record to suggest that the agency violated the FMLA by disallowing the appellant's leave request for that date and carrying her in AWOL status.

## NOTICE OF APPEAL RIGHTS[3]

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter.  5 C.F.R. § 1201.113.  You may obtain review of this final decision.  5 U.S.C. § 7703(a)(1).  By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file.  5 U.S.C. § 7703(b).  Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction.  If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements.  Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

---

[2] We find that this provision is consistent with the FMLA's implementing regulations. *See* 29 C.F.R. §§ 825.302(a), (d).

[3] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions.  As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you only if you have claimed that you

were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420, 137 S. Ct. 1975 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**. This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[4] The court of appeals must <u>receive</u> your petition for review within **60 days** of the <u>date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(B).

---

[4] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017. The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017. Pub. L. No. 115-195, 132 Stat. 1510.

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Gina K. Grippando

FOR THE BOARD:        _____
                      Gina K. Grippando
                      Clerk of the Board

Washington, D.C.